*581 JAMES S. GWIN, District Judge,
concurring.
I join part II.B.2 of Judge Stranch’s opinion, which correctly concludes that Back offered insufficient circumstantial evidence of discrimination. And I agree with her conclusion in part II.B.1 that the district court properly excluded Back’s direct evidence of discrimination, if for the wrong reason. I write separately to express my view that a straightforward application of the Federal Rules of Evidence compels the same result.
Back’s “direct evidence” was nothing more than an out-of-court statement about an out-of-court statement: Shelburne said that higher management said that the three oldest workers would be fired. Higher management’s statement, then, is hearsay within hearsay, and it’s inadmissible absent a hearsay exclusion or exception for both Shelburne’s and higher management’s statements. See Fed.R.Evid. 805.
Even assuming that Shelburne’s statement falls within the “Opposing Party’s Statement” hearsay exclusion in Federal Rule of Evidence 801(d)(2)(D), higher management’s statement does not. Rule 801(d)(2)(D) says that an opposing party’s statement is not hearsay if it is offered against the opposing party and the party offering the statement shows that the statement was (1) “made by the [opposing] party’s agent or employee” and (2) “on a matter within the scope of that relationship and while it existed.” But there’s a caveat: “The statement must be considered but does not by itself establish ... the existence or scope of the [agent or employee] relationship.”
Back failed to offer any evidence on the existence or scope of higher management’s agency or employment relationship other than the higher-management statement itself. Without outside evidence to support “higher management’s” role, Back could not — and did not — lay the necessary foundation for admitting that statement. See Fed.R.Civ.P. 56 advisory committee’s note (2010 Amendments) (“The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.”); Fed.R.Evid. 801 advisory committee’s note (1997 Amendment); Fed.R.Evid. 104(a).
For this reason, the district court correctly excluded higher management’s statement and, in the end, correctly granted summary judgment to Nestlé.